ACCEPTED
12-14-00280-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/15/2015 3:55:02 PM
CATHY LUSK
CLERK

12-14-00280-CV

IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/15/2015 3:55:02 PM
CATHY S. LUSK
Clerk

===============================================================

TONDA HARRIS HELMS

Appellant

v.

MARY FRANCES SWANSEN

Appellee

===============================================================

On Appeal from the
County Court at Law #2 in and for Smith County, Texas
Trial Cause No. 62,602-A

===============================================================

**BRIEF OF THE APPELLEE**

===============================================================

ROBERT HINDMAN
SBN: 09684500
5620 Old Bullard Rd., Ste. 105
Tyler, TX 75703
Telephone:    (903) 581-9960
Facsimile:    (903) 534-0647
Email: attorney@tyler.net
Attorney for Appellee

1

# IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's judgment and names and addresses of all trial and appellate counsel:

**Appellant / Defendant and Cross Plaintiff**
Tonda Harris Helms

**Appellant's Appellate Counsel:**
Mr. Jonathan Wharton
Snow E. Bush, Jr. PC
420 N. Center Street
Longview, TX 75601
Telephone:    (903) 753-7006
Facsimile:    (903) 753-7278
Jonathanwharton1@sbcglobal.net

**Appellant's Trial Counsel:**
Taylor J. Harris
15272 St. Hwy. 64 West
Tyler, Texas 75704
(903) 530-8188
taylorjharris@gmail.com

**Appellee / Plaintiff and Cross Defendant**
Mary Frances Swansen

**Appellee's Appellate Counsel:**
Mr. Robert Hindman
5620 Old Bullard Rd., Ste. 105
Tyler, TX 75703
Telephone:    (903) 581-9960
Facsimile:    (903) 534-0647
attorney@tyler.net

**Appellee's Trial Counsel:**
Mr. Robert Hindman
5620 Old Bullard Rd., Ste. 105
Tyler, TX 75703
Telephone:    (903) 581-9960
Facsimile:    (903) 534-0647
attorney@tyler.net

# TABLE OF CONTENTS

Identity of Parties and Counsel.................................................................2

Table of Contents..............................................................................3-4

Index of Authorities.........................................................................5-6

Statement of the Case.........................................................................7

Request for Oral Argument....................................................................7

Statement of Facts......................................................................... 8-10

Issues Presented..............................................................................11

Summary of Argument.....................................................................11-12

Argument and Authorities.............................................................12-14


Response to Issue 1. Appellant failed to demonstrate any harm,
in preparation of the appeal as a result of the lack of any
additional Findings of Fact and Conclusions of Law.............................14

Response to Issue 2. The findings of fact and conclusions of law
set forth all of elements necessary to establish a cause of action
for breach of contract.....................................................................15-21

Response to Issue 3. Much more than a mere scintilla of evidence
existed in the record to support the finding that the parties formed
a valid contract............................................................................15-21

Response to Issue 4. Much more than a mere scintilla of evidence
existed in the record to support the finding that the Appellant
breached the bailment contract...........................................................21-22

Response to Issue 5. The remedy granted in the judgment of the
trial court for the breach of a bailment contract by the Appellant
was a proper remedy under Texas law.....................................................22

3

Response to Issue 6. The record contains much more than a mere scintilla of evidence to support the award of attorney's fees as is contained in the judgment of the trial court..................................23-25

Conclusion and Prayer.................................................. ....…..25-26

Certificate of Service............................................…...27

Certificate of Compliance ...............................................28

## INDEX of AUTHORITIES

Barker v. Eckman, 213 S.W. 3d 306 (Tex. 2006).

BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789 (Tex. 2002).

Cale's Clean Scene Carwash, Inc. v. Hubbard, 76 S.W.3d 784 (Tex. App. – Houston [14th. Dist.] 2002, no pet.).

City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005).

Clement v. Producers' Refining Co., 277 S.W. 634 (Tex. Comm. App. 1925).

Crompton Greaves, Ltd. v. Shippers Stevedoring, 776 F.Supp.2d 375, S.D. Tex. (2011).

Dittman v. Cerone, not reported in S.W. 3d (2013) 2013 WL 5970356, 10.

Haggar Clothing Co. v. Hernandez, 164 S.W.3d 386 (Tex. 2005) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

James v. Fulcrod, 5 Tex. 512, 512 (1851).

Jamestown Partners, L.P. v. City of Fort Worth, 83 S.W. 3d 376 (Tex. App.- Ft. Worth, 2002, writ denied).

Kahn v. Imperial Airport, L.P., 308 S.W. 3d 432 (Tex. App. – Dallas 2010, no pet.) (citing LaCroix v. Simpson, 148 S.W. 3d 731 (Tex. App. – Dallas 2004, no pet.)).

Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706 (Tex. 1997).

Metroplex Mailing Services, LLC v. RR Donnelley & Sons Co., 410 S.W.3d 889 (Tex. App – Dallas 2013, no pet.).

Prime Products, Inc. v. S.S.I. Plastics, Inc. 97 S.W. 3d 631 (Tex. App. - Houston [1st Dist.] 2002, writ denied).

Robert L. Crill, Inc. v. Bond , 76 S.W. 3d 411 (Texas. App.-Dallas 2001, writ denied).

Sanroc Co. Intern. v. Roadrunner Transp, Inc. , 596 S.W. 2d 320 (Tex. App.-Houston [1st Dist.], 1980, no writ).

Seale v. White, et al, 217 S.W. 2d 38 (Tex. App. - Dallas, 1949 , writ ref'd n.r.e.).

Smith v. Patrick W.Y. Trust, 296 S.W. 3d 545 (Tex. 2009).

Texas Custom Pools, Inc., formerly known as Riverbend Pools, Inc v. Allan Clayton and Mirriam Clayton, 293 S.W. 3d 299 (Tex. App. – El Paso, 2009, mandamus denied).

Texas Gas Utilites Co. v. S.A. Barrett, 460 S.W. 2d 409 (Tex. 1970).

Sharifi v. Steen Automotive, LLC, 370 S.W.3d 126 (Tex. App.- Dallas 2012, no pet.).

VingCard A.S. v. Merrimac Hospitality Systems, Inc., 59 S.W.3d 847 (Tex. App. – Fort Worth 2001, pet. denied).

## STATEMENT OF THE CASE

The Appellee as plaintiff below filed suit for breach of a bailment contract. After a trial to the court, the Appellee was awarded the possession of the park model home and the title certificate was ordered reformed to reflect Appellee as owner. The Appellee was additionally awarded possession of the attached deck and the portable garage located on the premises but not possession of the detached storage building. In addition the court awarded attorney's fees against Appellant pursuant to the contract claim for both the trial and subsequent appeals.

## REQUEST FOR ORAL ARGUMENT

Appellee submits that the relevant issues are concisely raised in the brief of each party.

## STATEMENT OF FACTS

(Appellee is not in agreement with the Statement of Facts as remitted in the Appellant's Brief as many of the facts as are set forth are embellished, some to the point of conveying a false depiction of the facts as were established by the evidence relied upon by the trial court in reaching its judgment. Therefore the Appellee submits the following as constituting a more accurate and succinct rendition of the relevant facts)

The instant case is an appeal by Tonya Helms, Appellant herein and Defendant below from an adverse judgment arising out of a case for breach of an oral contract between the parties under which the Appellant assumed possession of and undertook to locate a buyer for a Park model home owned by the Appellee, Mary Swansen.

The trial court awarded the Appellee the possession of the park model home, set aside the title transfer which Appellant had surreptitiously transferred to the park model home to herself as well as possession of the attached deck and a portable garage which had been placed on the premises along with the park model home. As a result of Appellee's breach of the bailment contract the trial court awarded attorney fees in favor of the Appellee for both the trial and in the event of an appeal of the case. The trial court declined to award possession of a storage house where Appellee had erected on the premises.

8

The Appellee had purchased a park model home in 2006 and rented a lot from the Appellant on which to park the same. 1 RR 12-14, 45, 48. Appellee lived in the park model home from 2006 until she decided to marry and move to house of her new husbands in Kansas. 1 RR 14-15. At the time of her move Appellee entered into an oral bailment contract with Appellant under which Appellant agreed to locate a buyer for the park model home while it continued to be located in Appellant's mobile home park. 1 RR 16-19, 43, 51-52, 2 RR 47. There was a dispute between the testimony of the parties regarding the terms of the contract concerning whether lot space rentals should accrue during the period of time as the Appellant sought to obtain a buyer for the park model home. 1 RR 19, 53, 2 RR 10, 42, 45, 2 RR 77. Under the oral contract once the park model home was sold Appellee would receive the full installment purchase payments which Appellant had collected monthly along with the lot space rental payments from the buyer and then send the balance on to the Appellee. 1 RR 21-23, 28, 36, 52. 2 RR 9, 27. Although the Appellant had testified at the trial Appellee moved to Kansas she owed past due rentals of $2,700.00 to Appellant, upon cross examination Appellant admitted that the Appellee owed her no payments at the time when Appellant moved to Kansas. 1 RR 29, 36, 42, 53, 56, 2 RR 26, 51.

Prior to the instant cause of action, the parties had been involved in a lawsuit in a Justice of the Peace Court which was later appealed to a County Court

9

at Law regarding Appellant's failure to pay Appellee the monthly balance owed her from installment purchase payments after deduction of the lot space rental fees. 1 RR 21-23, 28, 2 RR 9. Although the Justice Court suit was merely for damages for failure to remit the balance of sued funds the Justice undertook instead to award possession of the park model home. Upon appeal after neither party undertook to seek a realignment of the parties the Appellant sought and obtained dismissal of the appeal. 1 RR 23-24. Furthermore, during the course of all the involvement between the parties, the case Appellee filed a Chapter 7 bankruptcy in the State of Kansas. Appellee contends neither the Justice Court case, its subsequent appeal and dismissal of such appeal or the bankruptcy case are in any way relevant to the breach of bailment contract theory upon which Appellee sought recovery. 1 RR, 58-29. The trial court granted relief based upon the Appellant's breach of bailment contract therein.

## ISSUES PRESENTED

Although unclear from the Brief of the Appellant the following issues seem to be raised by the Appellant:

1.     Did Appellant demonstrate any harm from the denial of the trial court to make additional findings of fact and conclusions of law?

2.     Were the findings of fact and conclusions of law as made by the trial court sufficient to support the judgment of the trial court?

3.     Did the record contain more than a mere scintilla of evidence to support the finding of the trial court that an enforceable contract was formed between the parties?

4.     Did the record contain more than a mere scintilla of evidence to support finding of the trial court that the contract was breached by the Appellant?

5.     Was the remedy granted in the judgment of the trial court for the breach of a bailment contract a proper remedy under Texas law?

6.     Did the record contain more than a mere scintilla of evidence to support the award of attorney's fees contained in the judgment of the trial court?

## SUMMARY OF ARGUMENT

The trial court made findings of fact and conclusions of law but after request properly did not make additional findings of fact and conclusions of law because the original finding and conclusions were sufficient to sustain its judgment. The trial court properly found that a valid contract was formed, either express or implied, based upon the agreements, actions and surrounding circumstances establishing consideration in the form of a mutual exchange of promises and

11

evidenced by benefits and detriments being sustained by each party. The bailment contract as formed did not fail for being indefinite. Under the contract the Appellant undertook to sell a park model home owned by the Appellee as it existed on a space in Appellant's mobile home park. The Appellant clearly breached such bailment contract by altering the document of title to the park model home by filing in her own name and submitting such in order to acquire the issuance of a new title document in her own name without having herself made any payment for the purchase of the home. The remedy granted by the trial court in awarding possession of bailed property was proper under Texas law. Finally, the trial court properly awarded reasonable attorney fees for trial and any appeals against the Appellant in favor of the Appellee for Appellant's breach of the bailment contract based upon sufficient evidence contained in record.

## ARGUMENT AND AUTHORITIES

The standard for review for evidentiary complaints after a bench trial has most recently be stated in Joe Kenny v. Portfolio Recovery Associates, LLC – (Tex. App – Houston (1st) March 12, 2015 – Case no. 01-14-00058-CV (no Westlaw citation available ) as follows:

12

"In conducting a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id.* at 822. We sustain a no evidence point only if (1) the record reveals a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (citing *Formosa Plastics Corp. USAv. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)).

An appellant may not challenge a trial court's conclusions of law for factual sufficiency, but we may review the legal conclusions drawn from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In an appeal from a bench trial, we review the conclusions of law de novo and will uphold them if the judgment can be sustained on any legal theory supported by the evidence. *Id.* "If the reviewing court determines a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal." *Id.*

In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Kahn v. Imperial Airport,*

13

*L.P.,* 308 S.W.3d 432, 437 (Tex. App.-Dallas 2010, no pet.) (citing *LaCroix v.*

*Simpson,* 148 S.W.3d 731, 734 (Tex. App.-Dallas 2004, no pet.)).


**1.     Appellant failed to demonstrate any harm, in preparation of the appeal as a result of the lack of any additional Findings of Fact and Conclusions of Law**

Appellant complains that the trial court wrongfully failed to make additional findings of fact and conclusions of law pursuant to Rule 298 of the Texas Rules of Civil Procedure in response to a request for the same.  It is the duty of the trial court under such rule to file additional findings of fact and conclusions of law that are appropriate.  Such findings are not required if the original findings of fact and conclusions of law  properly and  succinctly  relate the ultimate findings of fact and law necessary to make the appealing party aware of adequate information for the preparation of an appeal.  Jamestown Partners, L.P. v. City of Fort Worth, 83 S.W. 3d 376, 386 (Tex. App.- Ft. Worth, 2002, writ denied).  The failure of a trial court to make such additional findings does not require reversal unless the complaining party is injured and if such failure does not prevent the appealing party from presenting an argument on appeal, no reversal error exists. *Id.*   Appellant fails to allege or cite to any portion of the record reflecting any specific harm to his ability to bring this appeal or attack any findings of the trial court.

**2. The findings of fact and conclusions of law set forth all of elements necessary to establish a cause of action for breach of contract.**

**3. Much more than a mere scintilla of evidence existed in the record to support the finding that the parties formed a valid contract**

(Issues 2 and 3 are grouped for the purpose of argument.) The court found that there existed a valid contract; found a breach of the said contract by the Appellant and found the Appellee was damaged as a result. The contract herein was an oral contract for bailment. Specifically the Appellant argues that the court failed to make an additional finding regarding consideration and that such were necessary. Appellee is initially and severely mistaken regarding this issue. In Findings of Fact number 1 and number 3 the trial court specifically found that a contract existed between the parties herein as well as found and stated the consideration therefor: a mutual exchange of promises. Under existing case law such findings were sufficient and proper.

Consideration is an essential element for any contract to be valid and enforceable. Texas Custom Pools, Inc., formerly known as Riverbend Pools, Inc v. Allan Clayton and Mirriam Clayton, 293 S.W. 3d 299, 309 (Tex. App. – El Paso, 2009, mandamus denied). Consideration is a bargained for exchange of promises, which can be either in the form of a benefit to the promisor or a detriment to the promise or vice versa. Robert L. Crill, Inc. v. Bond , 76 S.W. 3d 411, 418 (Texas. App.-Dallas 2001, writ denied). When such mutual promises are

15

binding on each party to the contract they may constitute consideration. As far back as 1851 the Texas Supreme Court has defined consideration as being a benefit to the party promising or some trouble or prejudice to the party to whom the promise it made. A mutual promise is sufficient consideration if both parties make such concurrently. James v. Fulcrod, 5 Tex. 512, 512 (1851). Even when no other consideration is shown mutual obligations by the parties to the agreement will furnish a sufficient consideration to form a binding contract. Texas Gas Utilites Co. v. S.A. Barrett, 460 S.W. 2d 409 (Tex. 1970) citing Clement v. Producers' Refining Co., 277 S.W. 634 (Tex. Comm. App. 1925).

The finding of the existence of a contract by the trial court based upon the consideration of mutual promises is well supported by the evidence in this case. To determine if there was existence of an oral contract a court looks to the communications of the parties as well as acts and circumstances surrounding those communications. Prime Products, Inc. v. S.S.I. Plastics, Inc. 97 S.W. 3d 631, 637 (Tex. App.- Houston [1st Dist.] 2002, writ denied). The evidence adduced at trial established that prior to her move to Kansas, Appellee had been unsuccessful in attempting to sell her park model home through a realtor, thus she went to the manager of the mobile home park, Appellant herein, and made an oral agreement with the Appellant. Under such contract Appellee agree to leave her park model home in Appellant's mobile home park and Appellant would undertake to find a

16

buyer for it. 1RR 17. Appellant admitted entering such agreement. 2RR 47, 54. Appellee further testified that the agreement between the parties included establishing the price range for such sale ( 1RR 18) and that such sale could entail installment payments of the purchase price from a buyer. 1 RR19, 21. No payments of lot space rentals were to be made to the Appellant until Appellant obtained a buyer and thereafter lot space payments were to be collected along with the installment payments made by the buyer to the Appellant. 1 RR 19-20, 52. The balance of each such installment payment was to be remitted to the Appellee by the Appellant. 1 RR 21, 28, 36. Appellee was neither notified that Appellant had, in fact, sold the park model home to a Mr. Garcia nor was Appellee given any accounting of the proceeds therefrom until Appellee made a trip back to Texas and inquired of neighbors and of Appellant. 1 RR 37. Thereafter, Appellant received two checks from Appellee in the sum of $200.00 each. 1 RR 21, 28, before bringing a lawsuit in Justice Court for the balance due her from the installment payments. 1 RR 21.

Appellee further testified that she owed no back space rental payments at the time she moved to Kansas. RR 1, 29, 36, 42, 53. Appellant first testified that Appellee owed her $2700 as in back space rental at the time Appellee had moved, 2 RR 51, 57, 69. Appellant further testified that as payment for such debt Appellee had authorized Appellant to put her own name on the title documents as Buyer. 2

17

RR App. 2 RR 67. Appellant later admitted after being confronted with copies of Appellee's checks establishing that no such debt was owed at the time Appellee moved to Kansas and that Appellant had just forgotten about receiving all those payments. 2 RR 69-70. Appellant testified that she had filled in her name and remitted the title for transfer to herself just prior to the Justice Court case in order to "Protect myself." 2 RR 67.

From the foregoing facts and circumstances the trial court easily could have determined and in fact did determine in its Findings of Fact that there had been a mutual exchange of promises. Appellee talked to Appellant and they agreed to leave her park model home in Appellant's mobile home park to be sold by the Appellant. Specifically, the Appellant admitted that she made such an agreement with the Appellee. 2 RR 47, 54, 102. Appellant was also in the business of buying and selling mobile homes. 2RR 53.

Having Appellee's home on Appellant's lot had the potential future benefit to Appellant of providing future lot space rental payments once Appellant had located a buyer and commenced receiving purchase payments. Furthermore, the actions of the parties taken in furtherance of the contract such as Appellant's efforts such as advertising in attempting to sell the park model home, in finding one buyer, Mr. Garcia, and receiving installment payments of purchase money further clearly establish circumstances and acts that ratify both the existence of

and the terms of such contract. The same is true even if the contract is considered to be an implied contract rather than express.

Each party benefitted from such agreement, to wit: The Appellee would get her park model home sold and the resulting proceeds therefrom while the Appellant would get further lots rentals once it was sold. In addition, each party suffered detriments, to wit: Appellee agreed to leave her home there in Appellant's mobile home park while Appellant undertook to find a buyer for it and allows it to remain on the lot thereafter as it commenced to generate future lot rental payments from the purchaser. Consideration is easily established not only in the exchange of promises but by the parties' subsequent undertakings to fulfill each of their mutual obligations under the contract. Finally, the testimony of Appellee alone comprises much more than a scintilla of evidence supporting the judgment of the trial court regarding the existence and formation of such contract based upon the mutual exchanges of promises much less in a situation as presented herein when the Appellant herself admitted that she entered into such agreement.

The Appellant additionally raises the issue of whether the contract had sufficient definiteness for enforcement. The issue of whether the parties intended a contract is a question of fact for the Court. Dittman v. Cerone, not reported in S.W. 3d (2013) 2013 WL 5970356, 10. A contract for bailment may even be implied if through proof of sufficient circumstances the relationship rests on a substantive

19

foundation involving acceptance of the responsibilities accompanying the bailment relationship. Sanroc Co. Intern. v. Roadrunner Transp, Inc. ,596 S.W. 2d 320, 322 (Tex. App.- Houston [1st Dist.], 1980, no writ). In addition to the existence of an oral contract for bailment there must be a delivery of the bailed property and acceptance of it by the bailee. Sanroc Co. Intern. v. Roadrunner Transp, Inc. ,596 S.W. 2d 320, 322 (Tex. App.- Houston [1st Dist.], 1980, no writ). Once the property is delivered to the bailee by the bailor as an incident to the business for which the bailee makes a profit, the bailee receives compensation in the profit of such business to which the contract was incident. Sanroc Co. Intern. v. Roadrunner Transp, Inc., 596 S.W. 2d 320, 323 (Tex. App.- Houston [1st Dist.], 1980, no writ). The bailment relationship comes into existence from a contract in which bailed goods are delivered by the bailor and are accepted by the bailee for a specific purpose. A bailment claim is inseparable from the contract cause of action Prime Products, Inc. v. S.S.I. Plastics, Inc. 97 S.W. 3d 631, 638 (Tex. App.- Houston [1st Dist.] 2002, writ denied). In the instant case the question of delivery was never at issue as Appellant had both possession of the park model home as well as possession of a pre-signed title so when she fulfilled her duty to find a buyer Appellant could convey the title to such buyer. The specific purpose of the contract herein was simply for the Appellant to find a buyer for the home of the Appellee and thereafter collect purchase money payments likely through an

20

installment plan as well as collect further lot space rentals along with such payments from a buyer.

**4.     Much more than a mere scintilla of evidence existed in the record to support the finding that the Appellant breached the bailment contract**

The Appellant complains of the lack of evidence in the record to establish Appellant's breach of contract.  Such is essentially a no evidence point. In Findings of Fact #7 the trial court specifically found the Appellant breached the contract when Appellant failed to continue to hold the open title document in her possession but rather placed her own name on it without the payment of consideration to Appellee for the sale of it.  The question before this court on review is again whether there exists in the record more than a mere scintilla of evidence to support such finding. Breach occurs when the bailee refuses to comply with the rightful demand for return of the bailed property or when the bailee takes any action that is clearly is consistent with the bailor's contractual rights.  Barker v. Eckman, 213 S.W. 3d 306, 311 (Tex. 2006).  Appellant's actions in putting her own name on the title document without the payment of any funds for purchase of Appellee's park model home and remitting such title certificate to the state for title change 2 RR 67 was exactly the kind of action constituting a breach which is addressed in *Barker*, to wit: an action clearly inconsistent with the Appellee right to her park model home. Thus Appellant's actions as established by the evidence clearly constitute far more than the mere scintilla of evidence of conduct clearly inconsistent with the

21

rights of the Appellee under the contract as necessary to sustain a finding of breach by the trial court by the Appellee.

5.  **The remedy granted in the judgment of the trial court for the breach of a bailment contract by the Appellant was a proper remedy under Texas law.**

In Appellant's Issue #8 the Appellant questions the authority of the trial court to award recovery of a specific piece of property as a remedy in a suit for breach of a bailment contract. Such issue is resolved merely as a matter of law by a reference to existing case law. The cause the action for a breach of a bailment agreement can be brought either as a contract claim or as a tort claim depending on the particular facts of the case and the type of action which the Plaintiff selects. Barker v. Eckman at 310 (Tex. 2006); Crompton Greaves, Ltd. v. Shippers Stevedoring, 776 F.Supp.2d 375, 391-392 S.D. Tex. (2011). The law is clear that the aggrieved party as bailor has the choice of relief sought: obtaining an award of title and possession of the property or obtaining an award against bailee for the reasonable market value of the property. Seale v. White, et al, 217 S.W. 2d 38, 39 (Tex.App.- Dallas, 1949, writ ref'd n.r.e). Therefore, trial court herein properly and in accordance with the law when it awarded the relief which had been justly and properly sought by the Appellee, to wit: recovery of possession and title to her park model home, her deck and her portable garage.

6. **The record contains much more than a mere scintilla of evidence to support the award of attorney's fees as is contained in the judgment of the trial court**

The court in its judgment awarded attorney's fee's against the Appellant and in favor of the Appellee as a result of the breach of contract by the Appellant. The Appellant complains that such was improper and raises a no evidence point regarding the evidence in the record to support such award. Appellant first admits that the Lodestar method is not the proper standard in the State of Texas but then curiously goes on to complain that the testimony offered and received into evidence does not comply with the Lodestar method. Courts addressing the sufficiency of evidence to sustain awards of attorney's fees have held that the *El Apple* opinion has no bearing on non-lodestar awards of attorney's fees such as in breach of contract cases. Metroplex Mailing Services, LLC v. RR Donnelley & Sons Co., 410 S.W.3d 889, 900 (Tex. App – Dallas 2013, no pet.)

Under the traditional method of awarding fees, documentary evidence is not a prerequisite and an attorney's testimony about his experience, the total amount of fees and the reasonableness of the fees charges is sufficient to support an award. Metroplex Mailing Services, LLC v. RR Donnelley & Sons Co., 410 S.W.3d 889, 900 (Tex. App – Dallas 2013, no pet.). All of the evidence regarding attorney's fees is contained within the testimony of the Appellee 1 RR-32, 34 – 35 and that of her counsel. 2 RR 78-82.

The determination of reasonable attorney's fees is usually a question for the trier of fact. Sharifi v. Steen Automotive, LLC, 370 S.W.3d 126, 153 (Tex. App.-Dallas 2012, no pet.) The testimony of counsel for the Appellee , although an interested party is clearly sanctioned. Cale's Clean Scene Carwash, Inc. v. Hubbard, 76 S.W.3d 784, 788-89 (Tex. App. – Houston [14th. Dist.] 2002, no pet.). However, such testimony can actually establish a fact as a matter of law if (1) it could be readily contradicted if untrue; (2) it is clear, direct and positive, and (3) there are no circumstances tending to discredit or impeach it . Sharifi v. Steen Automotive, LLC, at 153. As in *Cales* the trial counsel herein for Appellant presented no direct controverting evidence to the testimony of Appellee's attorney on the issue of attorney fees. 2 RR 81-83

In the instant case the evidence established that the contract between the Appellee and her counsel was one based upon contingent fee. 2 RR 78-82. Although evidence of a contingent fee case alone cannot support an award of attorney's fees, a contingency fee contract should be considered by the fact finder who should also be guided by other factors. VingCard A.S. v. Merrimac Hospitality Systems, Inc., 59 S.W.3d 847, 869 (Tex. App. – Fort Worth 2001, pet. denied). The standard for review of a trial court's award of attorney's fee is abuse of discretion. Sharifi v. Steen Automotive, LLC, 370 S.W.3d 126, 152 (Tex. App.- Dallas 2012, no pet.)

24

Because the testimony of Appellee's attorney was given in narrative form, to summarize such testimony would essentially entail repeating the entire record . In short, such testimony covered his qualifications and experience of such attorney, his familiarity of the reasonable and customary charges and hourly charges for attorney's services in this area of the state for handling cases of such type; that the contract in this case )but for a separate charge made for review before accepting the case) was of a contingent fee nature; the details of the contingent fee contract; that time records had been kept; the amount of time expended on the case; that the time expended was all necessary to properly represent the client and that the amount of fee to be derived from the contingent fee contract was rationally related to what the fee would have been on an hourly basis. Such testimony, coupled with the failure of Appellant's attorney to submit any contradictory evidence into the record is clearly sufficient, if not to establish the reasonableness and amount of attorney's fees as a matter of law, then to form enough evidence, far more than a scintilla , to sustain the award of the trial court when measured against the standard of abuse of discretion.

## CONCLUSION AND PRAYER

For the reasons set forth hereinabove the Appellee prayers that the judgment of the trial court in all things confirmed.

25

Respectfully submitted this 15th day of April 2015.

ROBERT HINDMAN
SBN: 09684500

5620 Old Bullard Road, Suite 105
Tyler, Texas 75703
(903) 581-9960
(903) 534-0647 (fax)
*Email:* *attorney@tyler.net*

Attorney for Appellee,
Mary Frances Swansen

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief was delivered this 15th day

of April 2015 to:

Mr. Jonathan Wharton
Snow E. Bush, Jr. PC
420 N. Center Street
Longview, TX 75601
Telephone:    (903) 753-7006
Facsimile:    (903) 753-7278
Jonathanwharton1@sbcglobal.net

by the following means:

```
_____       By U.S. Postal Service Certified Mail, RRR
X           By First Class U.S. Mail
_____       By Special Courier _____
            By Hand Delivery
X           By Fax before 5 p.m.
            By Fax after 5 p.m.
            By email.
X           By E-filing
```

**ROBERT HINDMAN**

# CERTIFICATE OF COMPLIANCE

I, Robert Hindman, counsel for Appellee, Mary Frances Swansen, certify that the word count for this document is 5,619 words, subject to the exclusions provided for in Texas Rules of Appellate Procedure 9.4 (i)(1). This document was prepared in Microsoft Word, and this is the word count generated by the program for this document.

I certify under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed in Tyler, Texas on April 15, 2015.

ROBERT HINDMAN